IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> ANTHONY SMITH, <br><br> Defendant. | ) <br> )    2:13-cr-57 <br> )    2:19-cr-8 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Before the Court is Defendant Anthony Smith's motion to revoke his detention order in Case No. 2:19-cr-8 [ECF 1897], which was previously denied by Magistrate Judge Kelly. This Court reviews the motion de novo, based on the record presented before Judge Kelly. *United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *4 (W.D. Pa. May 3, 2016) (Fischer, J.) (citations omitted). As is evident from that record, this motion presented a close call for Judge Kelly, as well as now for this Court.

On one hand, Mr. Smith has been charged with a serious crime involving a large-scale drug conspiracy at Case No. 2:19-cr-8; he has a pending supervised-release violation at Case No. 2:13-cr-57; and when indicted in Case No. 19-8, he was on supervised release and failed to reply to two text messages from his probation officer, forcing the U.S. Marshal's office to track him down. [ECF 1993; ECF 1966, 20:14-21:3]

On the other hand, Mr. Smith's role in the conspiracy is, arguably, relatively minor compared to some of the other co-conspirators (*e.g.*, he does not appear to be involved in the aspects of the conspiracy concerning cocaine, fentanyl, and heroin, and the charged conduct does not appear to involve any violence, use of firearms, or identifiable victims). [ECF 1842, p. 1; ECF 501; ECF 1966, 25:11-15]. There was nothing presented as to the weight of the evidence against Mr. Smith at the hearing. [ECF 1966, 36:6-9 ("Aside from

hearing reference as to what is in the indictment, I have not been provided any other evidence as to what is in the weight of the evidence against [Mr. Smith].")]. He has a strong family support system in the area, along with strong ties to the community, residing in Homestead his entire life (except for a few years that he spent in college in Johnstown). [*Id.* at 36:16-24]. There is no credible evidence that Mr. Smith is currently involved in any gang-related activities or an ongoing criminal enterprise. [*Id.* at 18:21-24, 23:16-24:11]. Mr. Smith has no present substance abuse or addiction issues. [*Id.*at 37:2 ("I do not see any current or recent addition issues.")]. In fact, Mr. Smith successfully completed drug treatment programming through Renewal, TDAP, and RDAP while in custody. [*Id.* at 13:22-23, 37:9-11].

Further, Mr. Smith has shown that release to his father's house in Homestead while on electronic monitoring would be an effective condition to prevent risk of flight and danger to the community. He has a strong track record of being responsive while on supervision. [*Id.* at 15:23-16:4]. Mr. Smith previously self-reported, as required and on time, for his prior federal sentence. [*Id.* at 13:11-14, 38:1-2]. The government provided no evidence that Mr. Smith ever missed a required court appearance. His failure to respond to his probation officer's two text messages when indicted on his recent charge, while irresponsible, did not appear to be a result of him being a fugitive; he was ultimately found not far from his home in Homestead. *See* [ECF 1842-1].[1]

---

[1] Following his indictment in Case No. 19-8, Mr. Smith's whereabouts were unknown for about four months between June 2019 and October 2019. At that time, Mr. Smith was on "low-intensity supervision." [ECF 1966, 15:23-16:4]. One of the reasons for his low level of supervision was that Mr. Smith was always "responsive, both by phone and coming into the office." [*Id.* at 16:2-4]. However, in June 2019, his probation officer tried to reach him by sending him two text messages. [*Id.* at 21:3]. Mr. Smith did not respond to those text

Based on the totality of the circumstances and evidence in this case and taking a holistic view of all of the considerations and factors in the Bail Reform Act, the Court finds that there are conditions of release that would largely eliminate any flight risk and danger to the community.  Accordingly, **IT IS HEREBY ORDERED** that Mr. Smith's Motion for Revocation or Amendment of Detention Order [ECF 1897] is **GRANTED**.  The Court vacates the orders of detention in Case Nos. 2:19-cr-8 [ECF 1858], and 2:13-cr-57 [ECF 686], and orders Mr. Smith to be released pending trial in Case No. 2:19-cr-8 and a final revocation of supervised release hearing in Case No. 2:13-cr-57.  Mr. Smith will be placed on home detention and subject to other conditions of release, as set forth by separate order of Court.[2]

DATED this 8th day of July, 2020.

                          BY THE COURT:

                          */s/ J. Nicholas Ranjan*
                          United States District Judge

---

messages.  [*Id.*].  When he did not respond, however, the probation officer did nothing else to locate Mr. Smith.  [*Id.* at 20:25-21:3].

[2] There are two separate evidentiary standards/burdens that govern the present motion, in light of the different procedural postures of Case Nos. 2:19-cr-8 and 2:13-cr-57.  That ultimately makes no difference; the Court finds that regardless of who bears the burden, release is warranted based on the clear and convincing evidence presented.